■ In the Matter of SERINTY C., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERNICE C., Appellant. [858 NYS2d 645]—Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 4, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, granted the petition and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.

■ In the Matter of ANTHONY S.P., Respondent, v GINA L.R.-W., Appellant, et al., Respondent. [859 NYS2d 812]—

Appeal from an order of the Family Court, Erie County (Rosalie S. Bailey, J.), entered April 4, 2007 in a proceeding pursuant to Family Court Act article 5. The order granted an order of filiation to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order granting petitioner father an order of filiation, respondent mother contends that Family Court lacked subject matter jurisdiction over this proceeding because it is a child custody proceeding pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law § 76), and the child's home state is Michigan. We reject that contention. Pursuant to Domestic Relations Law § 75-a (4), a child custody proceeding is defined as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for . . . paternity . . . , in which the issue may appear." Here, the sole issue before the court was that of paternity, and thus the jurisdictional requirements of section 76 are inapplicable (*see* Sobie, 2004 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-a, 2008 Pocket Part, at 88-89). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.